Filed 7/26/22 P. v. Clark CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FORREST GORDON CLARK,<br><br>    Defendant and Appellant. | G060967<br><br>(Super. Ct. No. 18CF2250)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Julian W. Bailey. Dismissed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

We appointed counsel to represent Forrest Gordon Clark on appeal. Clark appeals from an order finding him to be not competent to stand trial pursuant to Penal Code section 1368 (all further statutory references are to the Penal Code, unless otherwise indicated). Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on Clark's behalf. Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

To assist the court in an independent review, counsel cites to two issues: (1) whether there was sufficient evidence to support the trial court's finding Clark was incompetent to stand trial; and (2) whether the trial court committed error pursuant to *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*).

Counsel cites to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), in which the court held *Wende* review is not available except in the first appeal of right from the criminal conviction and an appeal from a competency determination is not such an appeal. Counsel does not agree with this ruling and other cases holding that *Wende* review should be limited to first appeals in criminal cases, but he concedes this conclusion appears to be well established California law. We conclude traditional *Wende* review is not available to Clark.

Counsel asserts that if this court concludes the *Wende* procedures are not applicable, it must follow the same procedures the Supreme Court in *Ben C.* directed the Court of Appeal to follow when faced with the filing of a *Wende/Anders*[1] brief in a Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.) conservatorship. We agree.

---

[1] *Wende, supra,* 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

2

As we explain below, *Ben C.* provided some guidance for Courts of Appeal in terms of conservatorship appeals. (*Ben C., supra,* 40 Cal.4th at p. 544.) We conclude dismissal of the appeal is appropriate.

FACTS

In January 2019, an information charged Clark with three counts of arson and making criminal threats. As to two counts, the information alleged he burned multiple structures.

At a pretrial hearing, Clark's counsel declared a doubt as to Clark's competency. The trial court suspended proceedings pursuant to section 1368, et seq. The court appointed two psychologists, Dr. David W. Walsh and Dr. Veronica Thomas, to evaluate Clark. Later, the court appointed a third psychologist, Dr. Kara Cross, based on the parties' stipulation. We have review Walsh's, Thomas's, and Cross's reports. To maintain confidentiality, we provide only a brief summary of their conclusions.

In a report, Walsh reported he conducted a modified Folstein Mini-Mental Status Examination (MMSE) and "Evaluation of Competency to Stand Trial—Revised" of Clark. Walsh concluded, "at the time of my examination, [Clark] denied and did not exhibit any symptoms of psychosis, mania, depression, panic or intoxication. He exhibited some eccentric ideas, which were attributed to personality traits as opposed to severe mental illness." Walsh concluded Clark was competent to stand trial.

In a report, Thomas discussed Clark's history and her interview with him. She concluded Clark was alert and oriented as to his person, cause of incarceration, and the reason for the examination. Thomas detailed Clark's belief he was being falsely accused based on "gross distortions of reality that are bizarre and delusional." As a result, she concluded Clark was not competent to proceed with his legal case because he could not rationally assist his attorney.

3

In a report, Cross reported Clark was oriented with respect to his name, birthdate, and age and that he understood the purpose of the exam. Cross concluded Clark's delusional beliefs prevented him from assisting his attorney. Based upon these findings, Cross determined Clark was not competent to stand trial.

The parties agreed to waive the evidentiary hearing and the presence of the mental health experts and submit the question of Clark's competency to the court based solely on the reports. The trial court found Clark was incompetent pursuant to section 1367, subdivision (a). The court directed the Director of the Orange County Mental Health Department to evaluate Clark and submit his recommendations within 15 days.

The trial court ordered Clark committed to the state hospital pursuant to section 1370, et seq. The court determined Clark's maximum term based upon the charged offenses was 13 years to life. The court found Clark had earned 1,201 actual days and 180 conduct days for a total of 1,381 days of credit for time served. The court awarded zero days toward the section 1370 commitment. Clark filed a timely notice of appeal challenging his commitment pursuant to section 1368.

## DISCUSSION

Our Supreme Court in *Ben C.* held due process did not require *Anders/Wende* review in conservatorship proceedings under the LPS Act. (*Ben C., supra,* 40 Cal.4th at p. 535.) The court acknowledged that in a criminal proceeding, "the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Ibid.*) But the Supreme Court declined to extend that review requirement to an appeal from the imposition of a conservatorship under the LPS Act. (*Ben C., supra*, 40 Cal.4th at p. 535.)

The court provided some guidance to appellate courts in conservatorship proceedings. "We offer the following guidance for the Courts of Appeal. If appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should

4

not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion. Dismissal of an appeal raising no arguable issues is not inconsistent with article VI, section 14 of the California Constitution requiring that decisions determining causes 'be in writing with reasons stated.' Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Ben C., supra*, 40 Cal.4th at p. 544, fns. omitted.) The court also commented that the right to *Wende/Anders* review has not been extended to collateral attacks upon criminal convictions. (*Id.* at p. 537.)

In *People v. Taylor* (2008) 160 Cal.App.4th 304, 308 (*Taylor*), the court held that appeals from civil commitments under the Mentally Disordered Offender Act (MDOA) (§ 2962 et seq.), are exempt from the *Wende/Anders* review requirements. The court relied in part on the civil nature of MDAO proceedings. (*Taylor, supra,* 160 Cal.App.4th at p. at 312.)

Whether the protections afforded by *Wende/Anders* apply to an appeal from an order denying a postjudgment motion to modify a sentence is an open question. Our Supreme Court is set to resolve the issue in *People v. Delgadillo*, review granted February 17, 2021, S266305.

Here, we are not asked to review a civil case, or a collateral attack on a criminal conviction, or an appeal from an order denying a postjudgment motion. Clark asks us to review a commitment pursuant to section 1368 in a criminal case. No cases cited by counsel address the question as to whether such an appeal is subject to the *Wende/Anders* procedures. We decline to extend *Wende/Anders* review to an appeal from a finding of incompetence to stand trial.

5

Even if we were to apply the *Wende/Anders* review procedures to this case, there is no benefit to Clark. Based on the standard procedures in cases where a *Wende* brief is filed, our clerk's office's procedure is to send the defendant a notice advising him of his right to file a supplemental brief as soon as a *Wende* brief has been filed. This is what happened in this case.

On April 22, 2022, Clark was advised: "Counsel for appellant has filed a brief stating no arguable issues can be found. [Citation.] Appellant is personally GRANTED 30 days from the date of this order to file a supplemental brief. The brief may be submitted electronically through TrueFiling, personally filed in the Clerk's Office or mailed to the court's address of 601 W. Santa Ana Blvd., Santa Ana, California 92701." Clark has not filed a supplemental brief.

Counsel questions whether there was sufficient evidence to support the court's finding Clark was incompetent to stand trial. We conclude there was. Two qualified experts, Thomas and Cross, opined in detailed reports Clark was not competent to stand trial.

As to whether there was *Sanchez* error, in *Sanchez* our Supreme Court held, when any expert relates to the jury case-specific out-of-court statements, and treats the content of those statements as true and accurate to support the expert's opinion, the statements are hearsay. (*Sanchez, supra,* 63 Cal.4th at p. 684.) If the case is one in which a prosecution expert seeks to relate testimonial hearsay, there is a confrontation clause violation unless there is a showing of unavailability and the defendant had a prior opportunity for cross-examination. (*Id*. at p. 680.) Here, both parties agreed to waive an evidentiary hearing and the presence of the mental health experts and agreed to submit the question of Clark's competency to the court based solely on the reports. Therefore, there was no *Sanchez* error.

If we were to afford Clark *Wende/Anders* review, we could conclude there are no potentially meritorious arguments on appeal. Alternatively, we dismiss the appeal on our own motion.

## DISPOSITION

The appeal is dismissed.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

GOETHALS, J.